NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WILLIAM ROBERT NORRIE,<br><br>Debtor.<br>_____<br><br>WILLIAM ROBERT NORRIE,<br><br>Appellant,<br><br>  v.<br><br>KELLY MALLEN; et al.,<br><br>Appellees. | No. 18-55549<br><br>D.C. No. 2:17-cv-08718-AB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted July 15, 2019[**]

Before:   SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Chapter 7 debtor William Robert Norrie appeals pro se from the district

court's judgment dismissing his appeal of the bankruptcy court's November 9,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2017 order denying Norrie's motion for relief under Federal Rule of Civil Procedure 60(b)(3). We must consider jurisdiction sua sponte. *Greene v. United States (In re Souza)*, 795 F.2d 855, 857 n.1 (9th Cir. 1986). We vacate and remand.

The district court lacked jurisdiction to entertain this appeal because the notice of appeal was untimely. Norrie's notice of appeal from the bankruptcy court's November 9, 2017 order was filed on December 1, 2017, more than 14 days after entry of the bankruptcy court's order. *See* 28 U.S.C. § 158(c)(2); Fed. R. Bankr. P. 8002(a)(1) (notice of appeal from bankruptcy court order must be filed within 14 days after filing date of order); *Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007) (timely appeal requirement is jurisdictional); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." (citations omitted)). We vacate the judgment of the district court and remand the case for dismissal. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (when a lower court lacks jurisdiction, appellate court has jurisdiction over the appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit).

Norrie's request for judicial notice (Docket Entry No. 6) is denied as

18-55549

unnecessary.

**VACATED and REMANDED.**